```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

  -v-

HENRY P. STEENECK,

                Defendant.

---

Case No. 07-CR-929 (KMK)

ORDER OF TEMPORARY
RELEASE ON BAIL
FOR MEDICAL PURPOSES

KENNETH M. KARAS, District Judge:

    Upon the Motion of the Defendant in the above-captioned case, it is:

    ORDERED that the Defendant be released from pretrial custody for a time period from Tuesday, November 20, 2007, at 10:00 a.m., until Wednesday, November 21, 2007, at 12:00 p.m. (noon), subject to the following conditions:

    1. That the Defendant's parents, Henry F. Steeneck and Peggy Steeneck, post bond on the Defendant's behalf in the amount of Five Hundred Thousand Dollars ($500,000.00), to be secured by a lien on the home they own as tenants by the entirety, to wit: 2676 Old Yorktown Road, being in the County of Westchester, Town of Yorktown, State of New York;

    2. That the Defendant be fitted with a monitoring device with Global Positioning System tracking capability and shall wear such device at all times, with such device to be designated by this Court's Pretrial Services;

    3. That the Defendant go immediately from release to, and remain in, the home of Kristen Steeneck (Defendant's sister), located at 500 Chase Road, Yorktown Heights, New York, at all times when not going to, coming from or attending a medical appointment;

    4. That Defendant provide an itinerary of all medical appointments to Pretrial Services in advance of leaving 500 Chase Road and further that he be accompanied on all trips to the doctor by one or more of Peggy Steeneck (Defendant's mother), Henry F. Steeneck (Defendant's father), Stephen Steeneck (Defendant's brother), and/or Kristen Steeneck (Defendant's sister), all of whom are aware of the conditions of his release;

    5. That Defendant refrain from using any computer, any telephone, or any other telecommunications device, or from accessing the Internet or electronic mail in any fashion;

6. That Defendant refrain from possessing, observing, or having any contact whatsoever with pornographic materials of any kind;

7. That Defendant refrain from having contact with minors;

8. That Defendant refrain from being within 1000 feet of any school or other place frequented by children;

9. That Defendant refrain from using photographic equipment, or any other equipment to record images of minors;

10. That Defendant submit to a curfew of 8:00 p.m.;

11. That Defendant shall provide to Pretrial Services a phone number at which a supervising family member listed in Paragraph 4 shall be reachable at all times;

12. That Defendant avoid contact with alleged victims and any potential Government witnesses;

13. That Defendant refrain from possessing firearms or other dangerous weapons; and

14. That Defendant surrender himself to the authorities at the United States Marshal's Office at the United States Courthouse in White Plains, New York, on or before twelve o'clock p.m. (12:00 p.m.) on Wednesday, November 21, 2007.

15. That Pretrial Services or the United States Marshal's Office may, at their discretion, send one or more deputies or officers to accompany Defendant at any time during the pendency of this order, except that any such deputy or officer shall allow Defendant to have patient-doctor privacy and confidentiality during a privileged medical visit.

SO ORDERED.

Dated:     November 20, 2007
           White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE