UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

HENRY P. STEENECK,

               Defendant.

Case No. 07-CR-929 (KMK)

AMENDED
ORDER OF TEMPORARY
RELEASE ON BAIL
FOR MEDICAL PURPOSES

---

KENNETH M. KARAS, District Judge:

Upon the Motion of the Defendant in the above-captioned case, and following hearing by teleconference held today, the Court adopted the following Order amending a prior Order of Temporary Release on Bail for Medical Purposes issued on November 20, 2007:

ORDERED that the Defendant be released from pretrial custody for a time period from Tuesday, November 20, 2007, at 10:00 a.m., until Wednesday, November 28, 2007, at 12:00 p.m. (noon), subject to the following conditions:

    1. That the Defendant's parents, Henry F. Steeneck and Peggy Steeneck, post bond on the Defendant's behalf in the amount of Five Hundred Thousand Dollars ($500,000.00), to be secured by a lien on the home they own as tenants by the entirety, to wit: 2676 Old Yorktown Road, being in the County of Westchester, Town of Yorktown, State of New York;

    2. That the Defendant be fitted with a monitoring device with Global Positioning System tracking capability and shall wear such device at all times, with such device to be designated by this Court's Pretrial Services ("Pretrial Services"), except that Pretrial Services may remove the device for medical need and shall refit the device immediately on conclusion of such medical need;

    3. That the Defendant go immediately from release to, and remain in, the home of Kristen Steeneck (Defendant's sister), located at 500 Chase Road, Yorktown Heights, New York, at all times when not going to, coming from or attending a medical appointment;

    4. That Defendant provide an itinerary of all medical appointments to Pretrial Services in advance of leaving 500 Chase Road and further that he be accompanied on all trips to the doctor by one or more of Peggy Steeneck (Defendant's mother), Henry F. Steeneck (Defendant's father), Stephen Steeneck (Defendant's brother), and/or Kristen Steeneck (Defendant's sister), all of whom are aware of the conditions of his release;

5. That Defendant refrain from using any computer, any telephone, or any other telecommunications device, or from accessing the Internet or electronic mail in any fashion;

6. That Defendant refrain from possessing, observing, or having any contact whatsoever with pornographic materials of any kind;

7. That Defendant refrain from having contact with minors;

8. That Defendant refrain from being within 1000 feet of any school or other place frequented by children;

9. That Defendant refrain from using photographic equipment, or any other equipment to record images of minors;

10. That Defendant submit to a curfew of 8:00 p.m.;

11. That Defendant shall provide to Pretrial Services a phone number at which a supervising family member listed in Paragraph 4 shall be reachable at all times;

12. That Defendant avoid contact with alleged victims and any potential Government witnesses;

13. That Defendant refrain from possessing firearms or other dangerous weapons;

14. That Defendant surrender himself to the authorities at the United States Marshal's Office at the United States Courthouse in White Plains, New York, on or before twelve o'clock p.m. (12:00 p.m.) on Wednesday, November 28, 2007;

15. That Pretrial Services or the United States Marshal's Office may, at their discretion, send one or more deputies or officers to accompany Defendant at any time during the pendency of this order, except that any such deputy or officer shall allow Defendant to have patient-doctor privacy and confidentiality during a privileged medical visit;

16. That Defendant shall provide by Wednesday, November 21, 2007, at 5:00 p.m., a written list of times and descriptions of all known medical appointments and shall provide written updates of such list immediately upon changes (including new information of additional appointments), with all information described in this paragraph to be submitted simultaneously to the assigned Pretrial Services Officer and to the assigned Assistant United States Attorney by method to be designated by the assigned Pretrial Services Officer, with such lists being in addition to and not substituting for the trip itinerary required by Paragraph 4 of this Amended Order; and

17. That all obligations, responsibilities, bond agreements, and acknowledgment of advice of penalties and sanctions undertaken before the Court during its hearing on this matter on November 20, 2007, shall continue to apply to Defendant, Defendant's family members named in this Amended Order, and any other relevant persons during the pendency of this Amended Order.

SO ORDERED.

Dated:    November 21, 2007
          White Plains, New York

                                    _____
                                    KENNETH M. KARAS
                                    UNITED STATES DISTRICT JUDGE