```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

HENRY P. STEENECK,

            Defendant.

Case No. 07-CR-929 (KMK)

ORDER OF ONE-DAY
RELEASE ON BAIL
FOR MEDICAL PURPOSES

---

KENNETH M. KARAS, District Judge:

    On the basis of proceedings held before the Court on Friday, February 15, 2008, including a telephone conference with Defendant's treating physician, Dr. Saran Rosner (Dr. Rosner), it is:

    ORDERED that Defendant be temporarily released from pretrial custody on Friday, February 22, 2008, for a time period from 9:30 a.m. until 2:00 p.m., subject to the following conditions:

    1. That Defendant's parents, Henry F. Steeneck and Peggy Steeneck, continue to post bond on Defendant's behalf in the amount of Five Hundred Thousand Dollars ($500,000.00), to be secured by a lien on the home they own as tenants by the entirety, to wit: 2676 Old Yorktown Road, being in the County of Westchester, Town of Yorktown, State of New York;

    2. That Defendant's father, Henry F. Steeneck, shall pickup Defendant from the custody of the United States Marshal at the Westchester County Jail (1 Woods Rd., Valhalla, N.Y. 10595) at 9:30 a.m., and shall bring him directly to the office of Dr. Rosner (245 Saw Mill River Road, Suite 101, Hawthorne, N.Y. 10532) for the sole purpose of his scheduled medical treatment;

    3. That Defendant or his father shall, immediately upon arrival at Dr. Rosner's office, check-in by telephone with this Court's Pretrial Services Office ("Pretrial Services") at telephone number 914-390-4140;

    4. That, at the conclusion of Defendant's treatment and any immediate physician-ordered recuperation on the premises of Dr. Rosner's office, Defendant or his father shall again check-in by telephone with Pretrial Services and that Defendant's father shall thereupon immediately and directly, and for arrival by no later than 2 p.m., take Defendant back to Westchester County Jail for return to the custody of the United States Marshals Service;

5. That Defendant or his father shall, in the event of inclement weather or other exigency that would interfere with the schedule set forth in this order, immediately contact pretrial services and shall follow instructions from Pretrial Services and/or the United States Marshal's Office for alternative arrangements;

6. That Defendant refrain from using any computer, any telephone, or any other telecommunications device, or from accessing the Internet or electronic mail in any fashion;

7. That Defendant refrain from possessing, observing, or having any contact whatsoever with pornographic materials of any kind;

8. That Defendant refrain from having contact with minors;

9. That Defendant refrain from being within 1000 feet of any school or other place frequented by children, <u>except</u> that where a hospital or medical facility at which Defendant receives care is within such proximity, Defendant shall be permitted to receive care, and travel directly to and from, such hospital or medical facility;

10. That Defendant refrain from using photographic equipment, or any other equipment to record images of minors;

11. That Defendant shall provide to Pretrial Services a phone number at which Defendant's father shall be reachable at all times;

12. That Defendant avoid contact with alleged victims and any potential Government witnesses;

13. That Defendant refrain from possessing firearms or other dangerous weapons;

14. That Pretrial Services or the United States Marshal's Office may, at their discretion, send one or more officers or deputies to accompany Defendant at any time during the pendency of this Order, except that any such officer or deputy shall allow Defendant to have patient-doctor privacy and confidentiality during a privileged medical visit;

15. That all obligations, responsibilities, bond agreements, and acknowledgment of advice of penalties and sanctions undertaken before the Court during its hearing on this matter on November 20, 2007, shall continue to apply to Defendant, Defendant's family members named in this Order, and any other relevant persons during the pendency of this Order; and it is further

ORDERED that counsel for Defendant shall report to the Court by letter, to be transmitted by facsimile no later than 10 a.m. on Monday, February 25, 2008, on the status of Defendant's medical condition and on further anticipated medical appointments; and it is further

ORDERED that time is excluded under the Speedy Trial Act through February 29, 2008, on the basis of the Court's finding pursuant to 18 U.S.C. § 3161(h)(8)(A) that the interests of justice served by this continuance outweigh the interests of the public and of Defendant in a speedy trial.

SO ORDERED.

Dated:    February 21, 2008
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

3