```
┌──────────────────────────────┐
│ USDS SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____         │
│ DATE FILED: _____    │
└──────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

HENRY P. STEENECK,

          Defendant.

---

Case No. 07-CR-929 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

    On February 26, 2008, the Court issued an Order that counsel for Defendant ("Defense Counsel") report to the Court by faxed letter no later than Friday, February 29, 2008, at 10 a.m., on the status of Defendant's medical condition and on further anticipated medical appointments. The Court did not receive such a report and so, on March 4, 2008, Chambers contacted Defense Counsel and was advised that such report would be transmitted by the end of the same day. Defense Counsel did not contact chambers until Friday, March 7, 2008, and, as of 4 p.m., has not submitted any written report.

    This is an unusual case in which Defendant's medical needs place heavy burdens on the Court, the United States Marshals Service, Pretrial Services, and other Court offices (as well as the United States Attorney's Office). While it is entirely appropriate for all these offices to bear these burdens so that Defendant can receive needed medical care, such burdens should not be increased by Defense Counsel's failure to report to the Court as ordered. While the Court understands that coordination with medical personnel may make it difficult for Defense Counsel to obtain timely information, the appropriate action when additional time is needed to respond to a Court order is to seek, in writing, an extension of time from the Court and not to simply ignore a deadline. On this basis, it is:

    ORDERED that counsel for Defendant shall report to the Court by letter, to be transmitted by facsimile no later than Monday, March 10, 2008, at 10 a.m. on the status of Defendant's medical condition and on further anticipated medical appointments; and it is further

    ORDERED that time is excluded under the Speedy Trial Act through March 21, 2008, on the basis of the Court's finding pursuant to 18 U.S.C. § 3161(h)(8)(A) that the interests of justice served by this continuance outweigh the interests of the public and of Defendant in a speedy trial.

Counsel for Defendant is advised that any further missed deadlines in this case may result in appropriate sanctions. It is the Court's obligation to protect Defendant's health interests, but also to protect the speedy trial interests of the public and of Defendant, as well as to ensure that public resources are not expended more than necessary in so doing. Counsel's timely compliance with the Court's orders being necessary to achieve such a result, deadlines in this case will be strictly enforced.

SO ORDERED.

Dated:     March 7, 2008
           White Plains, New York

                                        _____
                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE