USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

HENRY P. STEENECK,

            Defendant.

Case No. 07-CR-929 (KMK)

ORDER OF TEMPORARY
RELEASE ON BAIL
FOR MEDICAL PURPOSES

---

KENNETH M. KARAS, District Judge:

    On the basis of proceedings held today before the Court, it is:

    ORDERED that Defendant be temporarily released from pretrial custody for a period from Friday, April 4, 2008, at 9:00 a.m., until Monday, April 21, 2008, at 2:00 p.m., subject to the following conditions:

    1. That Defendant's parents, Henry F. Steeneck and Peggy Steeneck, continue to post bond on Defendant's behalf in the amount of Five Hundred Thousand Dollars ($500,000.00), to be secured by a lien on the home they own as tenants by the entirety, to wit: 2676 Old Yorktown Road, being in the County of Westchester, Town of Yorktown, State of New York;

    2. That the Defendant be fitted with a monitoring device with Global Positioning System tracking capability and shall wear such device at all times, with such device to be designated by this Court's Pretrial Services ("Pretrial Services"), except that Pretrial Services may remove the device for medical need and shall refit the device immediately on conclusion of such medical need;

    3. That the Defendant go immediately from release to, and remain in, the home of Kristen Steeneck (Defendant's sister), located at 500 Chase Road, Yorktown Heights, New York, at all times when not going to, coming from or attending a medical appointment (or his release or return from custody at the United States Courthouse), except where medical necessity (i.e., surgery) requires admission to a hospital (information about which is to be promptly provided to the assigned Pretrial Services Officer and to the assigned Assistant United States Attorney);

    4. That Defendant provide an itinerary of all medical appointments to Pretrial Services in advance of leaving 500 Chase Road and further that he be accompanied on all trips to the doctor by one or more of Peggy Steeneck (Defendant's mother), Henry F. Steeneck

(Defendant's father), Stephen Steeneck (Defendant's brother), and/or Kristen Steeneck (Defendant's sister), all of whom are aware of the conditions of his release;

5. That Defendant refrain from using any computer, any telephone, or any other telecommunications device, or from accessing the Internet or electronic mail in any fashion; except that Defendant shall be permitted to answer calls from his attorney where a family member, a caller identification device, or another call screening device has identified the caller as Defendant's attorney;

6. That Defendant refrain from possessing, observing, or having any contact whatsoever with pornographic materials of any kind;

7. That Defendant refrain from having contact with minors;

8. That Defendant refrain from being within 1000 feet of any school or other place frequented by children, except that where a hospital or medical facility at which Defendant receives care is within such proximity, Defendant shall be permitted to receive care, and travel directly to and from, such hospital or medical facility;

9. That Defendant refrain from using photographic equipment, or any other equipment to record images of minors;

10. That Defendant shall provide to Pretrial Services a phone number at which Defendant's father shall be reachable at all times;

11. That Defendant avoid contact with alleged victims and any potential Government witnesses;

12. That Defendant refrain from possessing firearms or other dangerous weapons;

13. That Pretrial Services or the United States Marshal's Office may, at their discretion, send one or more officers or deputies to accompany Defendant at any time during the pendency of this Order, except that any such officer or deputy shall allow Defendant to have patient-doctor privacy and confidentiality during a privileged medical visit;

15. That all obligations, responsibilities, bond agreements, and acknowledgment of advice of penalties and sanctions undertaken before the Court during its hearing on this matter on November 20, 2007, shall continue to apply to Defendant, Defendant's family members named in this Order, and any other relevant persons during the pendency of this Order; and it is further

ORDERED that counsel for Defendant shall report to the Court by letter, to be transmitted by facsimile no later than 10 a.m. on each of Friday, April 11, 2008, and Friday, April 18, 2008, on the status of Defendant's medical condition and on further anticipated medical appointments; and it is further

ORDERED that a status conference in this case is set for Thursday, May 1, at 3 p.m., in Courtroom 521, United States Courthouse in White Plains, New York, at which counsel shall be prepared to discuss any outstanding issues in connection with Defendant's necessary medical care as well as any anticipated motions so that this case may be advanced to trial; and it is further

ORDERED that time is excluded under the Speedy Trial Act through May 1, 2008, on the basis of the Court's finding pursuant to 18 U.S.C. § 3161(h)(8)(A) that the interests of justice served by this continuance outweigh the interests of the public and of Defendant in a speedy trial.

SO ORDERED.

Dated:     April 1, 2008
           White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE